IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES MIGLIORISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 3290 |
| v. | ) |
| | ) Judge Pallmeyer |
| THE WALGREEN DISABILITY | ) |
| BENEFITS PLAN, | ) Magistrate Judge Nolan |
| | ) |
| Defendant. | ) |

## THE WALGREEN DISABILITY BENEFIT PLAN'S
## MOTION FOR ENTRY OF JUDGMENT

Defendant, THE WALGREEN DISABILITY BENEFITS PLAN ("Plan"), through its attorneys, Michael J. Smith and Warren von Schleicher, hereby submits its Motion for Entry of Judgment, pursuant to Fed. R. Civ. P. 52(a), and in support hereof, states as follows:

1. The plaintiff, James Migliorisi ("Migliorisi"), was employed by Walgreen Co. ("Walgreens") as a staff pharmacist until February 19, 1999. As a benefit of his employment, Migliorisi enrolled in Walgreens' ERISA Plan, which provides long term total disability insurance coverage to employees of Walgreens, pursuant to the terms of a group policy ("Group Policy") issued to Walgreens by The Paul Revere Life Insurance Company ("Paul Revere").

2. The Group Policy provides an initial twenty-four month benefit period if an insured becomes totally disabled from working in his "own occupation." After benefits have been paid for twenty-four months, however, the Group Policy's definition of total disability becomes much more restrictive: the insured must establish that he is "completely prevented from engaging in any occupation."

3. Migliorisi seeks to recover benefits under the "any occupation" definition of total disability. Migliorisi claims that since February 19, 2001, he has been completely unable to

perform even sedentary work due to subjective symptoms of joint pain, purportedly caused by enteropathic spondyloarthritis ("spondyloarthritis").

4. All of Migliorisi's x-rays and MRI scans have been completely normal, with no evidence of bone erosion or new bone formation in his lumbar or sacroiliac spine, or in any of his peripheral joints, and his colitis has been quiescent since 1993.

5. Surveillance obtained over a ten day period, moreover, refutes Migliorisi's exaggerated and unreliable subjective complaints of pain.

6. Based on the absence of objective findings and the observed level of Migliorisi's daily activities, Paul Revere properly declined Migliorisi's claim for "any occupation" total disability benefits.

7. Accordingly, the Plan requests entry of judgment in its favor, pursuant to Fed. R. Civ. P. 52(a).

WHEREFORE, defendant, THE WALGREEN DISABILITY BENEFITS PLAN, respectfully requests entry of final judgment in its favor, pursuant to Fed. R. Civ. P. 52(a).

Respectfully submitted,

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005    By: /s/ Warren von Schleicher
Chicago, Illinois 60603              Attorney for Defendant,
(312) 541-0300                       The Walgreen Disability Benefits Plan

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve the electronically filed document on the following attorney of record:

David A. Bryant
dabryant@ddbchicago.com
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603

                Respectfully submitted,


                /s/ Warren von Schleicher
                Smith, von Schleicher & Associates
                39 S. LaSalle St., Suite 1005
                Chicago, Illinois 60603
                (312) 541-0300
                (312) 541-0933 Facsimile
                E-Mail: warren.vonschleicher@svs-law.com
                ARDC# 6197189